# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                             )
        Plaintiff,      )
                             )
                             )
    v.                  )    Cr. ID. No. 1201018188
                             )
                             )
CLAUDE LACOMBE,     )
                             )
        Defendant.   )

Submitted: May 21, 2024
Decided: August 29, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND MOTION FOR CORRECTION OF AN ILLEGAL SENTENCE SHOULD BE DENIED

Jillian L. Schroeder, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Claude LaCombe, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

SALOMONE, Commissioner

On May 10, 2024, Defendant Claude LaCombe ("LaCombe" or the "Defendant") filed his Fourth Motion for Postconviction Relief (the "Fourth Rule 61 Motion") and a Motion for Correction of an Illegal Sentence.[1] At core, through these two motions, LaCombe continues to contend that the sentence he received for his 2013 conviction for Murder in the Second Degree is improper. His arguments have varied over the years, but the crux of his complaint is that he entered into a plea agreement that contemplated his receiving 22 years for his conviction but did not receive the benefit of that bargain. Rather, the Court sentenced him to life in prison. While the Defendant is understandably unhappy with his life sentence, the issue regarding the legality of that sentence was addressed by this Court and affirmed on appeal many years ago. For the reasons set forth herein, his Fourth Rule 61 Motion should be summarily dismissed, and Motion for Correction of an Illegal Sentence should be denied.

**BACKGROUND AND PROCEDURAL HISTORY**

On January 30, 2012, LaCombe was indicted on two counts of Murder in the First Degree, four counts of Possession of a Firearm by a Person Prohibited, two counts of Attempted Robbery in the First Degree, and one count of Conspiracy in

---

[1] Though styled differently, this is the fifth motion to modify and/or correct the Defendant's sentence that he has filed since 2013. See *State v. Claude LaCombe*, No. 1201018188, at 48, 55, 103, 111, 139 (Del. Super. Ct.) (hereinafter D.I.).

the Second Degree.[2]  The charges arose out of a planned robbery of two drug dealers that occurred on December 26, 2011 in which LaCombe participated with three other individuals and during which the two drug dealers were killed.

On April 11, 2013, LaCombe pleaded guilty to one count each of Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, Attempted Robbery in the First Degree, and Conspiracy in the Second Degree.[3]  On September 17, 2013, LaCombe was sentenced to life in prison for Murder in the Second Degree, plus additional time for the remainder of the charges.[4]  On October 7, 2013, LaCombe filed a *pro se* Motion for Modification of Sentence, which the Court denied on October 30, 2013 finding the sentenced imposed to be appropriate.[5]

On October 15, 2013, LaCombe filed a direct appeal of his sentence to the Delaware Supreme Court.[6]  While that appeal was pending, LaCombe filed a second Motion for Modification of Sentence on December 6, 2013, which the Court also denied.[7]  On May 30, 2014, the Supreme Court affirmed the trial court's sentence, noting that "[t]he trial court has broad discretion to impose any sentence that does not exceed the statutory limits set by the General Assembly" and finding that the Defendant's life sentence did not violate the Eighth Amendment stating that "[t]here

---

[2] D.I. 1.
[3] D.I. 33.
[4] D.I. 47.
[5] D.I. 48, 50.
[6] D.I. 49.
[7] D.I. 55, 72.

is nothing extreme, or grossly disproportionate, about sentencing a murderer to life in prison."[8]

## LACOMBE'S FIRST RULE 61 MOTION

Immediately prior to the Supreme Court rendering its decision, on May 29, 2014, LaCombe filed his first *pro se* Motion for Postconviction Relief.[9] Postconviction counsel was appointed and filed an Amended Motion for Postconviction Relief on December 3, 2015 (the "First Rule 61 Motion").[10] In his First Rule 61 Motion, LaCombe raised a total of three claims of ineffective assistance of counsel. First, with respect to trial counsel, LaCombe asserted that his trial counsel was ineffective for failing to (i) present mitigating evidence at the sentencing hearing and (ii) require the State to honor its plea agreement.[11] Second, LaCombe claimed that the State breached its implied covenant of good faith and fair

---

[8] *LaCombe v. State,* 93 A.3d 654 at *2 (Del. 2014). In reaching its decision, the Supreme Court applied the two-part test set forth in *Crosby v. State*, 824 A.2d 894 (Del. 2003), for determining whether LaCombe's sentence violated the Eighth Amendment. Under *Crosby*, the Court must (i) compare the crime committed to the sentence imposed and (ii) if the comparison leads to an inference of gross disproportionality, then the Court must compare the defendant's sentence to similar cases to ascertain whether the trial court strayed from sentencing norms. *Crosby v. State*, 824 A.2d at 908. The *Crosby* Court noted that this exacting standard can only be met in rare cases. *Id.* In LaCombe's case, the State had recommended a sentence of 22 years, but the Court imposed upon the Defendant the same life sentence given to his brother, who was the shooter and pled guilty, but mentally ill, to Murder in the First Degree. In imposing the life sentence, the sentencing judge noted that the Defendant was "a significant factor in the planning and determination of the events that transpired" and that his role was "fairly equal in different respects to that of [his] brother." *LaCombe v. State,* 93 A.3d 654, slip. op. at *1.
[9] D.I. 68.
[10] D.I. 84-85.
[11] 2016 WL 6301233, slip. op. at *2

dealing at the sentencing hearing by tacitly arguing for a sentence of greater than 22 years.[12] And finally, with respect to appellate counsel, LaCombe claimed he was ineffective in his direct appeal by failing to effectively argue the trial court abused its discretion when it sentenced him to life in prison.[13] On October 25, 2016, the Superior Court found each of these claims to be without merit and summarily dismissed the First Rule 61 Motion.[14] The Defendant filed a direct appeal to the Delaware Supreme Court of the denial of the First Rule 61 Motion on November 9, 2016.[15] The Supreme Court affirmed the dismissal by the Superior Court on May 17, 2017.[16]

## LACOMBE'S SECOND RULE 61 MOTION

On June 19, 2017, LaCombe filed a second *pro se* Motion for Postconviction Relief asserting eighth grounds for relief, which included claims related to (i) ineffective assistance of appellate counsel, (ii) prosecutorial misconduct, (iii) violations of the Delaware Rules of Evidence, (iv) a defective arrest warrant and (v) actual innocence (the "Second Rule 61 Motion").[17] Less than a month later, on July

---

[12] *Id.*
[13] *Id.*
[14] D.I. 95; 2016 WL 6301233, slip. op. at 2
[15] D.I. 96.
[16] D.I. 99. *LaCombe v. State,* 163 A.3d 708 (Del. May 17, 2017) (TABLE) (finding, inter alia, that any deficiency of counsel did not result in prejudice under *Strickland* because the sentencing judge was not bound by the State's recommendation – a fact which was acknowledged by the Defendant during his plea colloquy).
[17] D.I. 100.

11, 2017, the Defendant filed a third *pro se* Motion for Sentence Modification, which the Superior Court swiftly denied for being repetitive.[18] Then, on December 21, 2017, the Superior Court found each of LaCombe's claims set forth in his Second Rule 61 Motion to be procedurally barred and summarily dismissed his motion.[19] LaCombe appealed the dismissal of his Second Rule 61 Motion on January 18, 2018.[20] The Supreme Court affirmed the dismissal on April 5, 2018.[21] Undeterred, the Defendant filed a fourth *pro se* Motion for Review of Sentence on February 11, 2020, which the trial court dismissed on July 29, 2020.[22]

## LACOMBE'S THIRD RULE 61 MOTION

On September 27, 2021, LaCombe filed a third *pro se* Motion for Postconviction Relief and a Memorandum of Law in support thereof (the "Third Rule 61 Motion") pursuant to which he asserted his actual innocence of the crimes for which he was convicted based upon an alleged recantation of statements made to police by one of his co-defendants.[23] LaCombe argued that he had a right to relief based on this "new evidence" under the Supreme Court's decision in *Purnell v.*

---

[18] D.I. 103-104.
[19] D.I. 106; see *State v. LaCombe*, 2017 WL 6550430.
[20] D.I. 107.
[21] D.I. 110; see *State v. LaCombe*, 184 A.3d 342 (TABLE), 2018 WL 1678765.
[22] D.I. 111-113.
[23] D.I. 114-115; 124-127. Contemporaneously with his Third Rule 61 Motion, LaCombe filed a Motion for an Evidentiary Hearing. D.I. 115, 118-119. Shortly thereafter, LaCombe filed a Motion to Compel the production of certain transcripts. D.I. 121-122.

*State.*[24] On May 13, 2022, the Superior Court found LaCombe's Third Rule 61 Motion to be procedurally barred and held that it failed to set forth a cognizable claim of legal innocence.[25] LaCombe appealed the decision on June 14, 2022.[26] On September 8, 2022, the Supreme Court affirmed the decision of the Superior Court summarily dismissing LaCombe's Third Rule 61 Motion.[27]

## LACOMBE'S FOURTH RULE 61 MOTION AND MOTION FOR CORRECTION OF AN ILLEGAL SENTENCE

On May 10, 2024, LaCombe filed his Fourth Rule 61 Motion along with a Motion for Correction of an Illegal Sentence.[28] In his Fourth Rule 61 Motion, LaCombe seeks to withdraw his guilty plea[29] based on the Delaware Supreme Court's holdings in *Hernandez-Martinez v. State*[30] and *Jones v. State.*[31] LaCombe

---

[24] 254 A.3d 1053 (Del. 2021).

[25] D.I. 129. In reaching its decision, the Superior Court distinguished the Defendant's case from *Purnell* noting that (i) Purnell was convicted after trial and thus not barred by Rule 61(d)(2) whereas LaCombe plead guilty and (ii) the State's case did not depend on the statements made to the police by LaCombe's co-defendant. The Court also denied LaCombe's Request for an Evidentiary Hearing and the Motion to Compel production of certain transcripts which he filed in connection with his Third Rule 61 Motion. D.I. 128-129.

[26] D.I. 130.

[27] *LaCombe v. State*, 284 A.3d 380 (Del. Sept. 8, 2022) (TABLE).

[28] D.I. 138-139. On March 28, 2024, prior to filing his Fourth Rule 61 Motion, LaCombe filed a *pro se* Motion to Compel certain discovery, which the Court denied on August 26, 2024, noting that the requested documents are not in the possession of the Prothonotary or the Court. *See* D.I. 137, 143.

[29] LaCombe also asks the Court to "pull relevant discovery pertaining to the issues raised" in his Fourth Rule 61 Motion.

[30] 308 A.3d 1192 (Del. Nov. 29, 2023) (TABLE).

[31] 276 A.3d 1053 (Del. Apr. 18, 2022) (TABLE) (affirming trial court's decision denying defendant's request to withdraw a no contest plea to two counts of fourth degree rape and finding

contends he tried to withdraw his guilty plea before sentencing, like Mr. Hernandez-Martinez, although the record does not reflect his current position.[32] And, citing *Jones*, claims that he had a "basis to assert legal innocence" because his case was an "accomplice liability" case where an "individualized determination of the defendant's mental state and culpability for any aggravating fact or circumstance" must be made.[33] He further states as follows:

> this could only be made thru [sic] counsel's presentation at sentencing, which counsel performed ineffectively, by giving minimal case for plea of 22 years, and relying on State to uphold bargain to only recommend 22 years, when the State presented an arguement [sic] of increased sentencing, by infering [sic] a higher culpability and knowing mental state that was false.[34]

Similarly, in his Motion for Correction of an Illegal Sentence, LaCombe argues that his sentence is illegal under an accomplice liability theory and that factors concerning his "culpable mental state" and "accountability" were not considered by the trial judge in determining his sentence to life in prison in violation of 11 Del. C. §274 and the Delaware Supreme Court's decision in *Allen v. State*.[35] Because the

---

that certain written statements made by defense counsel prior to the defendant entering his guilty plea did not render the defendant's plea not knowing, intelligent and voluntary).

[32] D.I. 41-43, 45; *see also* D.I. 53 (Sentencing Hearing Transcript, dated September 17, 2013) at *4 (where counsel states, "I have no indication that he is wanting to withdraw his plea or complaining about it at this point.") and *12 (Defendant states his desire to move forward with sentencing to the judge).

[33] D.I. 138 (quotations in original).

[34] *Id.*

[35] D.I. 139. In *Allen*, the Delaware Supreme Court reversed the defendant's convictions due to the trial court's failure to instruct the jury in accordance with 11 *Del. C.* §274. Section 274 requires

two motions are inextricably linked by virtue of the nature of the substantive allegations, the Court will analyze and decide both motions in tandem.

However, prior to considering the substantive issues set forth in the Fourth Rule 61 Motion, the Court "must first consider the procedural requirements of Rule 61."[36]

## APPLICABLE LAW FOR POST CONVICTION RELIEF

**Rule 61 and Procedural Bars to Relief**

Superior Court Criminal Rule 61 ("Rule 61") governs the procedures by which an incarcerated individual may seek to have his conviction set aside on the ground that the court lacked jurisdiction or any other ground that is a sufficient factual and legal basis for a collateral attack upon the conviction.[37] That is, it is a means by which the court may correct Constitutional infirmities in a conviction or sentence.[38] "Rule 61 is intended to correct errors in the trial process, not allow defendants unlimited opportunities to relitigate their convictions."[39]

---

that when two or more persons are criminally liable for an offense which is divided into degrees an individualized determination of a defendant's own culpable mental state and own accountability for aggravating factors (i.e. such as the use of a gun) be made. The Court held that such a Section 274 jury instruction was mandatory for charges such as Robbery in the First Degree, overruling previous inconsistent decisions. The case was remanded for a new trial, with the court providing guidance on proper jury instructions. 970 A.2d 203 (Del. 2009).

[36] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[37] Super. Ct. Crim. R. 61(a)(1).

[38] *Harris v. State*, 410 A.2d 500 (Del. 1970).

[39] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

Given that intent, before considering the merits of any claims for postconviction relief, the Court must first determine whether there are any procedural bars to the postconviction motion.[40] Rule 61(i) establishes four procedural bars to postconviction relief.[41] Rule 61(i)(1) requires that a motion for postconviction relief be filed timely and prohibits such a motion from being filed "more than one year after the judgement of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[42]

Rule 61(i)(2) bars successive motions for postconviction relief unless certain conditions are met.[43] Pursuant to Rule 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[44]

---

[40] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[41] Super. Ct. Crim. R. 61(i)(1)-(4).
[42] Super. Ct. Crim. R. 61(i)(1). See, e.g., *Evick v. State*, 158 A.3d 878, 2017 WL 1020465, at *1 (Del. Mar. 15, 2017) (TABLE) (affirming denial of postconviction motion as untimely when filed more than two years after conviction became final).
[43] Super. Ct. Crim. R. 61(i)(2). See, e.g., *Walker v. State,* 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (TABLE) (denying defendant's third motion for postconviction relief as being repetitive).
[44] Super. Ct. Crim. R. 61(i)(3) and (4).

The foregoing bars to relief do not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of Rule 61(d)(2). Rule 61(d)(2) provides as follows:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was *convicted after a trial* and the motion either:
>
>     (i)   pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
>     (ii)  pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or sentence invalid.[45]

This is LaCombe's Fourth Rule 61 Motion and it is procedurally barred. First, the Fourth Rule 61 Motion was filed almost ten years after the judgment of conviction became final and should be barred by Rule 61(i)(1) for being untimely. Second, the Fourth Rule 61 Motion is barred by Rule 61(i)(2) for being repetitive. Importantly, LaCombe did not have a jury trial but rather opted to plead guilty. Having failed to have been *convicted after a trial*, Rule 61(d)(2) does not provide an exception to his procedural bar against successive motions.[46]

---

[45] Super. Ct. Crim. R. 61(d)(2) (emphasis added).

[46] *Pickle v. State*, 2022 WL 499956, at *1 (Del. Feb. 17, 2022) (TABLE) (finding that the defendant could not invoke Rule 61(d)(2) because he opted to plead guilty instead of going to trial).

The Fourth Rule 61 Motion is also procedurally barred by Rule 61(i)(3) because LaCombe failed to assert any of the instant grounds for relief on direct appeal or in any of his previous postconviction motions. At core, however, his Fourth Rule 61 Motion simply recasts the same overarching issues raised by LaCombe in his three prior motions for postconviction relief where he asserts that his sentence was improper. As such, LaCombe's current claims in his Fourth Rule 61 Motion are also procedurally barred under Rule 61(i)(4) as they have been previously adjudicated by this Court. These claims cannot now be re-couched, refined, restated or re-raised in order to again seek judicial review.[47]

Notwithstanding these procedural bars, LaCombe's arguments under each of *Allen*, *Hernandez-Martinez*, and *Jones* are to no avail. The Supreme Court's holding in *Allen* requires that a *jury instruction* be given so that the *jury* can make an individualized determination regarding a defendant's culpable mental state and his accountability for any aggravating factor or circumstances where a defendant is charged with crimes that have degrees.[48] *Allen* does not require a sentencing judge to do so when a defendant pleads guilty. A sentencing judge does, of course, consider, among other things, the record, mitigating and aggravating factors,

---

[47] See *State v. Clay*, 2022 WL 893744, at *2 (Del. Super. Mar. 25, 2022), *aff'd Clay v. State*, 2022 WL 4295417 (Del. Sept. 16, 2022) (finding that where an affidavit asserting the defendant's innocence was formerly adjudicated in a postconviction proceeding, it cannot constitute newly discovered evidence in a subsequent postconviction proceeding); *see also Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).
[48] 970 A.2d 203 (Del. 2009).

recommendations of the parties, and presentencing reports when determining an appropriate sentence for a defendant.[49] Here, the record reflects that the sentencing judge did so when sentencing LaCombe. In imposing the life sentence, the sentencing judge stated that the Defendant was "a significant factor in the planning and determination of the events that transpired" and that his role was "fairly equal in different respects to that of [his] brother," who shot the victims, pleaded GBMI to Murder in the First Degree and received a life sentence.[50]

LaCombe's reliance on *Hernandez-Martinez* is equally misplaced. In *Hernandez-Martinez*, defendant pled guilty to two counts related to striking a pedestrian with a car and leaving the scene of a collision resulting in death. However, multiple errors occurred during the plea process including: (i) an indictment that failed to properly charge a crime in Count I; (ii) incorrect information on the maximum possible sentence in the Truth-In-Sentencing form and during the plea colloquy; and (iii) contradictory information about firearm rights post-conviction. The defendant moved to withdraw his guilty plea prior to sentencing and moved for an evidentiary hearing. Both motions were denied by the trial court and the defendant was sentenced. On appeal, the Supreme Court found that these

---

[49] *See e.g. Dailey v. State*, 843 A.2d 695 (TABLE) (finding that rather than exhibiting a closed mind the sentencing judge carefully considered the record, the presentence report and the parties' recommendations in determining the sentence to be imposed).

[50] *LaCombe v. State,* 93 A.3d 654, slip. op. at *1.

12

cumulative errors were "so great that the Superior Court exceeded its discretion when it refused to allow Martinez to withdraw his guilty plea."[51]

As a threshold matter, LaCombe's case is distinguishable from *Hernandez-Martinez* for several reasons including, but not limited to, the fact that LaCombe *did not move to withdraw his plea prior to sentencing*. For that reason alone, the holding in *Hernandez-Martinez* does not apply to LaCombe. That being said, LaCombe seems to argue that the plea process in his case was similarly defective because the sentencing judge failed to make the individualized determinations required by *Allen*. But, as previously discussed, there is no such requirement of the sentencing judge under Delaware law in the guilty plea context. Therefore, the sentencing judge's failure to make such an individualized determination of his culpable mental state and accountability for his conviction for Murder in the Second Degree could not constitute a defect in the plea process. LaCombe points to no other purported defect that would permit withdrawal of his guilty plea or otherwise asserts that his plea was not entered into knowingly, intelligently and voluntarily.

And finally, LaCombe conflates the holdings of all three cases in an effort to couch his latest argument into an ineffective assistance of counsel claim and to

---

[51] *Id.* at *4. In *Hernandez-Martinez*, the Supreme Court explained that "[u]nder Superior Court Criminal Rule 32(d), a pre-sentence plea may be withdrawn for 'any fair and just reason.' After sentencing, a plea may be set aside only by motion and under Rule 61." *Id.* at *3.

further buttress his argument for withdrawing his plea. These arguments also have no merit.

Superior Court Criminal Rule 32(d) allows a defendant to withdraw a pre-sentence plea for "any fair and just reason."[52] In *Hernandez-Martinez*, the Supreme Court cited *Jones* and explained that in order for the court "[t]o assess a 'fair and just reason,' the court will normally examine a list of non-exclusive factors, any one of which can be conclusive of the result."[53] These non-exclusive factors, referred to as the *Scarborough* factors,[54] which a trial judge must consider when deciding whether to permit a defendant to withdraw a guilty plea prior to sentencing are as follows:

> (1) the procedure of the colloquy; (2) whether the plea was intelligent, knowing, and voluntary; (3) whether the defendant had a basis to assert legal innocence; (4) whether the defendant had adequate legal counsel throughout the proceedings; and (5) whether the State would be prejudiced or the court would be unduly inconvenienced if the defendant were permitted to withdraw his guilty plea.[55]

Again, LaCombe did not move to withdraw his guilty plea prior to sentencing so the standard set forth in Superior Court Criminal Rule 32(d), which permits a pre-

---

[52] Super. Ct. Crim. R. 32(d).
[53] *Hernandez-Martinez v. State*, 308 A.3d 1192 (TABLE), at *3.
[54] *See Carney v. State*, 2024 WL 2808291.
[55] *Jones*, 276 A.3d 1053 (TABLE), at *2 (quoting *McNeill v. State*, 2002 WL 31477132, at *1 (Del. Dec. 18, 2006) (ORDER)).

sentence plea to be withdrawn for any "fair and just reason," does not apply.[56] As such, the sentencing judge was not required to consider the *Scarborough* factors as LaCombe asserts. Similarly, LaCombe's contention that he had a "basis to assert legal innocence" because his case was an accomplice liability case and the sentencing judge failed to make the individualized determinations required by *Allen* is not a "basis to assert legal innocence" contemplated by the Court.[57] Likewise, the claim that counsel was ineffective for failing to object when "the State presented an argument of increased sentencing by infering [sic] a higher culpability and knowing mental state that was false" also misses the mark for the reasons previously articulated.

---

[56] Super. Ct. Crim. R. 32(d).

[57] *See Carney v. State*, 2024 WL 2808291, fn 32. In *Carney*, the Supreme Court notes that one author has summarized the distinction between actual and legal innocence and describes legal innocence as follows: "A defendant seeking relief based on legal innocence, or 'legal insufficiency,' contends that the prosecutor has failed to produce sufficient evidence at a criminal trial to establish guilt beyond a reasonable doubt." *Id. (citing* Matthew Aglialoro, *A Case for Actual Innocence*, 23 CORNELL J. L. & PUB. POL'Y 635, 639 (2014) (citations omitted). In LaCombe's case, the record reveals that the sentencing judge was aware of the sufficiency of the evidence in the case against the Defendant. D.I. 53 at 26-33.

# CONCLUSION

For the reasons discussed herein, LaCombe's postconviction claims are procedurally barred pursuant to Rule 61(i)(1)-(4).  Moreover, he has failed to meet the strict pleading requirements for proceeding with his successive motion under Rule 61(d)(2) because he was not convicted after trial but rather pled guilty to Murder in the Second Degree and related charges.  For the foregoing reasons, LaCombe's Fourth Motion for Postconviction Relief should be **SUMMARILY DISMISSED**[58] and his Motion for Correction of an Illegal Sentence should be **DENIED**.


**IT IS SO RECOMMENDED.**


*/s/Janine M. Salomone*
The Honorable Janine M. Salomone


cc:    The Honorable Sheldon K. Rennie
       Prothonotary
       Colleen K. Norris, Esquire
       Claude LaCombe, *pro se*. (SBI #00552189)

---

[58] To the extent that LaCombe is also seeking discovery pursuant to his Fourth Rule 61 Motion, that motion should also be denied.